**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANA FERNANDES, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TARGET CORPORATION, *et al.* | : | NO.  24-105 |

## <u>MEMORANDUM</u>

CAROL SANDRA MOORE WELLS
United States Magistrate Judge                                     April 21, 2025

     Presently before the court is Defendant Ideal Shield LLC's Motion to compel Plaintiff Ana Fernandes to submit to examination by a vocational expert, to extend the discovery deadline to allow the examination, and to extend Moving Defendant's expert report deadline.  Plaintiffs have responded to the Motion.  For the reasons set forth below, the court denies the Motion, except the court extends the deadline for Moving Defendant to file its expert report.

## I.       BACKGROUND

     This personal injury lawsuit, initiated in Delaware County, was removed to this district court, based upon diversity jurisdiction, on January 9, 2024.  The parties consented to the undersigned's jurisdiction, on September 9, 2024.  Thereafter, a Rule 16 conference was delayed while Defendant Target Corporation sought to file properly an Amended Answer to add Crossclaims.  Once that was resolved, all parties appeared for a Rule 16 conference, on January 29, 2025.  At the conference, the parties agreed to a March 3, 2025 deadline to complete all discovery; additional deadlines, including for the exchange of expert reports, were also established.  All deadlines were memorialized in the court's January 29, 2025 Scheduling Order[1] (Document

---

[1] The January 29, 2025 Order has typographical error and is mistakenly dated as January 27, 2025.  The Order was docketed by the Clerk of Court, on January 30, 2025.  To avoid confusion about the date, the court will refer to it as the Scheduling Order.

No. 58).

Next, a settlement conference was held, on March 12, 2025; prior to that date, Defendants Target and Federal Health Sign Company, LLC had already settled with Plaintiff. The Moving Defendant did not settle on March 12. Hence, the remaining deadlines in the Scheduling Order apply to it. As required by the April 1, 2025 deadline for Plaintiffs to produce their expert reports, Plaintiffs provided the moving Defendant with a vocational expert report, on March 25, 2025. Def. Motion at ¶ 8. Moving Defendant's expert reports are due on May 1, 2025.

Moving Defendant claims to be surprised by the existence of Plaintiff Fernandes' vocational expert report and requests that this court amend the Scheduling Order to allow it more time for discovery, so that it can send Plaintiff Fernandes to a person, Michael J. Symchynsky, to conduct a vocational examination of her. Moving Defendant admits that it has already sent Plaintiff Fernandes to a neurologist, neuropsychologist, and orthopedist for examinations. Def. Motion at ¶ 11. This court will not order Plaintiff to submit to another examination. However, to afford Moving Defendant sufficient time to prepare a rebuttal vocational expert report, its expert report deadline will be extended to May 30, 2025.

## II.    DISCUSSION

Defendant's Motion implicates two Rules of Civil Procedure: (1) Rule 16(b)(4), which requires good cause to modify a scheduling order; and (2) Rule 35(a), which requires, *inter alia*, good cause and a "suitably licensed or certified examiner," to permit examination of a party. Courts have provided varying definitions of what constitutes good cause for Rule 16 and Rule 35. However, there is agreement that good cause requires diligence on the movant's part and that attorney miscalculation does not constitute good cause. *See e.g., Banks v. City of Philadelphia*, 309 F.R.D. 287, 290-91 (E.D. Pa. 2015) (citations omitted).

In its motion, Moving Defendant does not establish that it was diligent.  Indeed, it appears that the only reason Moving Defendant's attorney has not already sought a vocational examination of Plaintiff Fernandes – despite having subjected her to three medical examinations – was that it did not occur to its attorney to do so, until the attorney saw Plaintiff Fernandes' vocational expert report.  That suggests miscalculation, not diligence.  Hence, Moving Defendant cannot demonstrate good cause under Rule 16 to extend the discovery deadline.

Even if Moving Defendant could establish good cause to extend the discovery deadline, it has failed to comply with Rule 35, because it makes no effort to establish that Mr. Symchynsky is a "suitably licensed or certified examiner."  That is a basic requirement under Rule 35, which Moving Defendant could have established, had it attached Mr. Symchynsky's *curriculum vitae* to its Motion.  Its failure to comply with Rule 35 also dooms its request to obtain court authorization to have Plaintiff Fernandes submit to another Rule 35 examination.

An implementing Order is attached.