**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANA FERNANDES, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TARGET CORPORATION, *et al.* | : | NO.  24-105 |

## <u>MEMORANDUM OPINION</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    July 2, 2025

Plaintiff has filed a products liability and negligence case against Ideal Shield, LLC, ("Defendant") alleging that, while walking through the parking lot of a Target department store, she was struck in the head by a sign that the wind blew into her; her husband has a loss of consortium claim.  The parties have completed discovery.  Defendant has filed a motion for summary judgment and Plaintiff has responded to it.[1]  As explained below, Defendant's motion is denied.

### I.    FACTUAL BACKGROUND[2]

On April 3, 2022, at 2:05 p.m., while Plaintiff walked through the Target parking lot at 1200 Baltimore Pike, Springfield, PA 19064, she was struck in the head by a sign and fell to the ground; the sign was blown forward to strike Plaintiff.  She was taken by ambulance to Crozer Chester Medical Center.  The Target employee who installed the sign was not deposed.  Target did not retain possession of the sign and its whereabouts are unknown.  Target has not documented how much sand it placed in the sign base to provide ballast.

The sign in question has three parts:  the base, the post and the sign itself.  Def. Mem. of

---

[1] Former Defendants Target Corporation and Federal Health Sign Company, LLC have already settled with Plaintiff.
[2] Unless indicated otherwise, the facts are drawn from the statement of stipulated material facts attached to Defendant's motion.

Law at 12. The sign base and pole were designed by Defendant, the sign itself was designed by Federal Health Sign Co., LLC. *Id.* at 12-13. Target purchased the sign from Federal Health, on May 6, 2020. *Id.* at 13. Federal Health purchased the sign base and post from Defendant, which shipped them to Federal Health, which then shipped all three components to Target. *Id.* The box containing Defendant's components also contained Defendant's instructions on how to assemble the items and how much ballast to place in the sign base. *Id.* The instructions for filling the sign base indicates that four to five 50 pound bags of sand should be used. *Id.*

According to Target, the sign was assembled and installed, on May 27, 2021. Def. Mem. of Law at 14. Target also identified Yan Canonica as the employee who installed, maintained and inspected the sign. *Id.* Target has no documentation that it ever repaired the sign. *Id.*

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party. *Secretary, United States Dept. of Labor v. American Future Systems, Inc.*, 873 F.3d 420, 424 (3d Cir. 2017). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 251-52 (1986). The court does not make credibility determinations or weigh the evidence. *Secretary, United States Dept. of Labor*, 873 F.3d at 424.

## III.    DISCUSSION

Plaintiff claims that Defendant: (1) defectively designed the sign base and sign post because they lacked adequate warnings; (2) breached an implied warranty; and (3) negligently

failed to warn about the risk of inadequate ballast in the sign base.  Pl. Mem. of Law at 7-11.

Defendant argues that claims one and two lack merit because it had no duty to warn of the risk

associated with inadequate ballasting of the sign base and it was not negligent to Plaintiff.[3]  Def.

Mem. of Law at 15-20.  As explained below, all three of Plaintiff's claims survive.

## A.    Strict Product Liability – Failure to Warn

In Pennsylvania, a strict product liability claim requires proof that:  (1) the product was

defective; (2) the defect was the proximate cause of the plaintiff's injury; and (3) the product was

in substantially the same condition at the time of the accident as it was when it was sold by the

defendant.  *Stratos v. Super Sagless, Corp.*, Civ. A. No. 93-6712, 1994 WL 709375, *2 (E.D. Pa.

Dec. 21, 1994) (citing *Griggs v. BIC Corp.*, 981 F.2d 1429, 1432 (3d Cir. 1992)).  Whether a

product is defective has two parts:  (1) whether, as a matter of law, Pennsylvania's social policy

supports placing the risk of loss on the manufacturer of an allegedly defective product; and (2), if

so, whether, as a matter of fact, the product was sold in a defective condition.  *Id.* at *3 (citing

*Griggs*, 981 F.2d at 1432-33).

A failure to warn claim is "'a species of product defect.'"  *Stratos*, 1994 WL 709375, *6

(quoting *Metzgar v. Playskool, Inc.* 30 F.3d 459, 465 (3d Cir. 1994)).  That is, the alleged defect

would be the lack of warnings about a specific risk.  Pennsylvania law allows a defendant to escape

liability in a failure to warn case, if the risk at issue was obvious.  *Id.* (citing *Dauphin Deposit &*

*Trust Co. v. Toyota Motor Corp.*, 596 A.2d 845, 848 (Pa. Super. Ct. 1991)).  For a risk to be

obvious, there must be general consensus in the relevant community that the risk is obvious.  *Id.*

(citing *Metzgar*, 30 F.3d at 465).

In this case, the alleged defect is the failure of Defendant to warn of the risk that the sign

---

[3] If all Plaintiff's claims fail, then so does the derivative claim for loss of consortium filed by Plaintiff's husband.  Def.
Mem. of Law at 21.  Likewise, if they survive, so does the loss of consortium claim.

might tip over, if there was insufficient ballast in the sign base.  Defendant seeks summary judgment, solely on the ground that the risk was obvious.  Def. Mem. of Law at 15-18.  While it asserts that the risk of an improperly-ballasted sign tipping over was obvious, *id.* at 16, it ignores the requirement that the risk be obvious to the relevant community.  In fact, moving Defendant neither makes any effort to define the relevant community, nor provides any evidence that the relevant community would regard the risk as obvious.  Absent such proof, it is impossible for this court to conclude, as a matter of law, that the risk at issue was obvious to the relevant community.  Hence, Defendant's motion on the failure to warn claim is denied.

## B.    Implied Warranty

Pennsylvania recognizes an implied warranty of fitness for a particular purpose and of merchantability.  *Stratos*, 1994 WL 1994 WL 709375, *8 (citing *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992)).  To establish a claim of implied warranty of fitness for a particular purpose, there must be evidence that:  (1) the seller had reason to know of the particular purpose for which the buyer purchased the product; or (2) the seller recommended the product for such purpose knowing that the buyer was relying upon the seller's expertise and skill in making that particular choice.  *Id.* (citations omitted).  The implied warranty of merchantability simply requires that goods be fit for their ordinary purpose.  *Id.* (citing *Altronics*, 957 F.2d at 1105).  To prove a breach of either duty, the plaintiff must establish the existence of a defect.  *Id.* (citing *Altronics*, 957 F.2d at 1105).

Plaintiff maintains that the alleged defect in this case is Defendant's failure to warn about the risk of the sign tipping over, if there is insufficient ballast in the sign base.  Pl. Mem. of Law at 10.  Defendant relies on its preceding argument to assert that no defect exists, hence, Plaintiff's implied warranty claim must fail.  Def. Mem. of Law at 18.  As this court has explained, Defendant

has failed to demonstrate that the risk was obvious such that no duty to warn arose. Hence, Defendant's motion concerning an implied warranty also must fail.

## C.       Negligence

In Pennsylvania, a negligence claim requires:  (1) a duty or obligation recognized by law; (2) the defendant's breach of that duty; (3) a causal connection between the defendant's breach and the plaintiff's injury; (4) actual loss or damage suffered by the plaintiff. *Baker v. Solo Nightclub, LLC*, Civ. A. No. 11-2380, 2013 WL 1927052, *4 (E.D. Pa. May 9, 2013) (citing *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987)).  A negligent failure to warn claim requires the plaintiff to show that the defendant "'failed to exercise reasonable care to inform those for whose use the product is supplied of the facts which make it likely to be dangerous.'" *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529, 542 (E.D. Pa. 2021) (quoting *Baldino v. Castagna*, 478 A.2d 807, 810 (Pa. 1984)).

Defendant moves for summary judgment, arguing that it owed no duty to warn, because the danger was obvious and there is no causal connection between its failure to warn and Plaintiff's injury, because Target's negligence in failing to install adequate ballasting is the actual cause of Plaintiff's injury.  Def. Mem. of Law at 19-20.

This court has already decided that Defendant, in the context of Plaintiff's strict liability and implied warranty claims, has failed to establish that the risk was obvious in the relevant sense, so that it would have no duty to warn.  Defendant does not argue that the obviousness analysis is different for negligence claims.  Def. Mem. of Law at 19.  Hence, this court finds that this basis for summary judgment must fail.

Defendant's second ground for summary judgment has more appeal because it does seem likely that Target's failure to install adequate ballasting in the sign was the proximate cause of

Plaintiff's injury.  However, proximate cause is typically a jury question.  *Vanesko v. Marina Dist. Development Co., LLC*, 38 F. Supp. 3d 535, 543 (E.D. Pa. 2014) (citing, *inter alia*, *Anderson v. Bushong Pontiac Co.*, 171 A.2d 771, 775 (Pa. 1961)).   Furthermore, Defendant has not demonstrated that there is no causal link between its alleged negligence and Plaintiff's injury, which is necessary for it to be afforded summary judgment on causation.  *See id.* (explaining that proximate cause simply requires a causal connection between the defendant's breach of duty and the plaintiff's resulting injury).  Hence, Defendant's motion in this regard is denied as well.

An implementing order follows.